**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KENNY JOSEPH DUFFY** | **DOCKET NO. 6:22-cv-05857** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court is a complaint filed by petitioner Kenny Joseph Duffy, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Duffy filed a handwritten petition on November 1, 2022, whereby he seems to complain that his trial counsel was ineffective and that his sentence is excessive. Doc. 1. As the petition was not submitted on the proper forms, Duffy was provided the proper habeas corpus form and ordered to amend his petition on same. Doc. 3. On January 3, 2023, he filed an amended petition, on proper forms, signed by his sister, challenging his state court conviction on one charge of manslaughter and the 40-year sentence that followed. Doc. 5, p. 1.

Petitioner attached the Louisiana Supreme Court's October 4, 2022 denial of an Application for Reconsideration, his application for writ of certiorari filed in the Louisiana Supreme Court, a Motion to Correct an Illegal Sentence filed in the 15th Judicial District Court, and the transcript of his plea in the trial court on November 29, 2017, to the first (deficient) petition. Doc. 1, att. 2. He filed documents related to an ethical complaint against his trial counsel (doc.

7), as well as a copy of his October 14, 2015 indictment and a copy of the November 9, 2015 grand jury report (doc. 8).

However, the petition is devoid of any other information regarding the precise claims he intends to raise in this Court and whether these claims have been raised on direct appeal or collateral review in the state courts.

On February 9, 2023, the undersigned ordered Duffy to amend his complaint to provide additional information regarding his claims. Doc. 9. Duffy has not filed an amendment in accordance with the Order.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Duffy has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Duffy's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of May, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**